UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA COOK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                             /

Case No. 1:14-cv-1320

HON. JANET T. NEFF

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Debra Cook seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

### STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings

are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 52 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 34, 52.) She completed high school, attended some college classes, and was previously employed as a home attendant, gas station cashier, medical assistant, painter, and phlebotomist. (Tr. 52, 66–67.) Plaintiff applied for benefits on September 21, 2011, alleging that she had been disabled since August 1, 2011, due to arthritis, fibromyalgia, herniated discs, and ulcers. (79, 87, 150–88). Plaintiff's application was denied on April 2, 2012, after which time she requested a hearing before an ALJ. (Tr. 100–03; 106–09.) On May 17, 2013, Plaintiff appeared

with her counsel before ALJ Thomas Walters for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 48–71.) In a written decision dated May 28, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 34–47.) On October 24, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 1–7.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Walters determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 39.)  At the second step in the sequential evaluation, the ALJ determined Plaintiff had the following severe impairments: (1) peptic ulcer disease/Barrett's esophagus; (2) high blood pressure; (3) fibromyalgia; (4) and sciatica. (Tr. 39.)  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 40.)  At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and delineated here: she cannot perform prolonged walking.  The claimant['s] symptoms of pain, and use of medication, would reasonably relegate her to performance of unskilled tasks.

(Tr. 40.)  Continuing with the fourth step, the ALJ also determined that Plaintiff was unable to perform any past relevant work. (Tr. 42.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exists in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964.  The VE identified the positions of small products assembler, inspector, hand packager, and information clerk as jobs Plaintiff could perform. (Tr. 68.)  The vocational expert further testified that these jobs amounted to 16,800 positions in the state of Michigan. (Tr. 68.)  This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272,

274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ determined that Plaintiff was not under a disability at any point from August 1, 2011, (the alleged disability onset date) through May 28, 2013, (the date of the decision). (Tr. 43–44.)

## DISCUSSION

Plaintiff's statement of error contains the following issues for review:

1. The ALJ's Residual Functional Capacity (RFC) and credibility determination does not comply with Social Security rules and regulations.

(ECF No. 11, PageID.329.) Specifically, Plaintiff argues the ALJ failed to explain the limitation in the RFC for no prolonged walking, failed to properly evaluate her fibromyalgia, and failed to properly evaluate her subjective allegations.[2] The Court will discuss the issues below.

### A. Whether the RFC Limiting Plaintiff to No Prolonged Walking is Supported by Substantial Evidence.

At the administrative hearing, Plaintiff stated she could walk for a maximum of fifteen to twenty minutes before she would need to sit down and rest for a few moments. (Tr. 62–63). Also at the hearing, the ALJ posed a hypothetical question to the VE in which a person similar to Plaintiff would be prohibited from "prolonged walking." As noted above, the VE responded that there was a significant number of jobs available that a person could perform with that limitation. (Tr. 68.) Plaintiff appears to argue that the ALJ's step five determination is unsupported by substantial evidence because the RFC and hypothetical are improperly vague. They are vague,

---

[2] While Plaintiff may have raised other cryptic arguments in her brief, the Court deems these other arguments as waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones").

Plaintiff reasons, because the ALJ failed to define what he meant by "prolonged." (ECF No. 11, PageID.333.)

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 416.945. It is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen*, 964 F.2d at 530. A VE's testimony in response to an accurate hypothetical may provide substantial evidence at step five that the claimant is able to perform a significant number of jobs. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). While the Court would prefer a more particularized limitation, Plaintiff points to no authority, and the Court can find none, that obligates the ALJ to articulate his RFC and hypothetical to a certain standard of specificity.

The difficulty with this aspect of the ALJ's RFC determination is not that such fails to satisfy some arbitrary standard of specificity, but rather that, due to its lack of specificity, determining whether the limitation is supported by substantial evidence requires the Court to review a wide range of possible definitions for "prolonged walking." Light work involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8–hour workday." 20 C.F.R. § 404.1567(b). Sedentary work, on the other hand, requires only "occasional[ ]" walking and standing. 20 C.F.R. § 404.1567(a). It is reasonable to conclude that by finding Plaintiff could perform a limited range of light work, the ALJ determined Plaintiff's ability to walk fell somewhere in between that of a full range of light work and that of sedentary work. There exists, however, a significant gulf between walking "approximately 6 hours of an 8–hour workday" and walking only "occasionally." Because the ALJ failed to indicate with any specificity where along this spectrum

Plaintiff's abilities lie, the Court must evaluate the ALJ's RFC as if the limitation of no "prolonged walking" inhabits the entire space between these two extremes.

Defendant claims the range is actually much more narrow because the ALJ merely translated Plaintiff's testimony to the hypothetical, and that this was the limitation as understood by both the ALJ and the VE. (ECF No. 12, PageID.350–51.) This may well be the case, however nowhere in the ALJ's decision, nor in the hearing transcript, does the ALJ or VE state that they were incorporating Plaintiff's testimony on this specific matter into the RFC. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Accordingly, the Court is unable to conclude that the RFC limitation incorporated Plaintiff's testimony of no walking for longer than fifteen to twenty minutes. The issue before the Court, therefore, is whether substantial evidence supports a conclusion that Plaintiff can perform walking activities for a length of time approaching six hours during an eight hour workday. The Court finds that there is not.

As the ALJ noted, the medical record in this case is limited and there are only modest treatment records. That said, the record is sufficient enough to document numerous instances in which Plaintiff met with physicians for complaints of back pain. Treating physicians believed that this pain was severe enough as to warrant injections to treat the pain. (Tr. 216, 222.) Plaintiff consistently complained of arthritis, joint pain, and fatigue. (Tr. 232–34.) Thus substantial evidence does not support a conclusion that Plaintiff can stand and walk for a period of time approaching six hours. The Court recognizes that Plaintiff was represented by counsel at the hearing, and Plaintiff's counsel had the opportunity, which she did not avail herself of, to object to the RFC. (Tr. 70–71.) The Court nonetheless concludes that it cannot trace the ALJ's path, and as such, remand is appropriate in order to clarify whether the ALJ was adopting Plaintiff's subjective statements.

Accordingly, the Commissioner's decision will be vacated and this matter remanded for further factual findings under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should explain whether she is adopting Plaintiff's statements regarding the length of time she is able to stand and walk.

> **B.  The ALJ did not Err in Evaluating Plaintiff's Fibromyalgia and Credibility.**

Plaintiff next contends that although the ALJ found Plaintiff had the severe impairment of fibromyalgia, he failed to properly discuss the impairment under Social Security Ruling 12-2p. (ECF No. 11, PageID.334.) "Social Security Rulings do not have the force and effect of law, 'but are binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272 n.1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)). The Sixth Circuit has "refrained from ruling whether Social Security Rulings are binding on the Commissioner in the same way as Social Security Regulations, but assume[s] that they are." *Id.*

Plaintiff's claim is without substance. Plaintiff neither addresses the requirements of SSR 12–2p, nor how the ALJ failed to meet those requirements. On the contrary, the ALJ followed SSR 12–2p at § VI.D., which states that when considering the RFC for a person with fibromyalgia ("FM"), the Commissioner "will consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have 'bad days and good days.'" Titles II & XVI: Evaluation of Fibromyalgia, SSR 12-2P (S.S.A. July 25, 2012) (reprinted at 2012 WL 3104869, *6). Although Plaintiff has presented no evidence of a diagnosis of FM, the ALJ noted that the record showed Plaintiff had complained of joint tenderness. (Tr. 40.) The ALJ

8

also noted, however, there was no limitation of motion, or other deficits, and in one instance, eleven months passed between times Plaintiff sought treatment. (Tr. 40.) The ALJ also cited laboratory results which showed no inflammatory processes. (Tr. 40, 249–57.) Thus the ALJ complied with the requirements of SSR 12-2p.

In addition, the ALJ addressed Plaintiff's credibility, which is particularly relevant in FM claims, in which there is an absence of sufficient objective medical evidence to support the claim. *See Blair v. Comm'r of Soc. Sec.*, 430 F. App'x 426, 430 (6th Cir. 2011); *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) ("[t]here are no laboratory tests for the presence or severity of fibromyalgia"). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and [her] examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007).

Here, the ALJ evaluated Plaintiff's credibility in pertinent part as follows:

> Simply stated, the limited evidence does not fully support the claimant's contentions as to the magnitude of her symptomatology and dysfunction, including her expressed level of pain and fatigue, and reported need to take frequent breaks during the course of each day. The claimant alleged a history of herniated discs. However, there is no confirming radiographic evidence of this. The claimant reported that certain of her medications caused dizziness and drowsiness, but the record does not demonstrate meaningful adverse pharmacology side effects. The claimant reported difficulty using her hands, but again, there was no objective confirmation of such. The record did not disclose documented loss of grip strength, impaired dexterity or limited digital mobility. Within testimony or the written record, it was reported that the claimant sewed, did needle point, performed self-care tasks, dusted, washed dishes, laundered clothing (her husband carried the laundry), did light yard chores, drove a motor vehicle, shopped, attended to financial matters, watched television, spent time with family and participated in church services.

(Tr. 41–42.) In addition, the ALJ noted that none of Plaintiff's physicians imposed work preclusive limitations, and that though Plaintiff suffered from various ailments, none of them limited her to an extent greater than that recognized by the ALJ. The Court does not see a basis for disturbing the ALJ's credibility determination.

      **C.**    **The ALJ Followed Relevant Social Security Regulations Regarding Plaintiff's Credibility.**

Plaintiff finally claims that the ALJ failed to properly evaluate Plaintiff's subjective complaints under the factors articulated in 20 C.F.R. § 404.1529(c). (ECF No. 11, PageID.335–37.)

Related Social Security rulings state that in considering a claimant's subjective allegations, the ALJ is to consider the following factors:

    1.    The individual's daily activities;

    2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;

    3.    Factors that precipitate and aggravate the symptoms;

    4.    The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

    5.    Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

    6.    Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7.    Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*See* Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96–7p (SSA July 2, 1996) (reprinted at 1996 WL 374186, at *3). The ALJ is required to "consider" the seven-listed factors, but there is no requirement that the ALJ discuss every factor. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *see also Coleman v. Astrue*, No. 2:09–cv–36, 2010 WL 4094299, at * 15 (M.D. Tenn. Oct. 18, 2010) ("There is no requirement [ ] that the ALJ expressly discuss each listed factor."); *Roberts v. Astrue*, No. 1:09–cv–1518, 2010 WL 2342492, at *11 (N.D. Ohio June 9, 2010) ("[T]he ALJ need not analyze all seven factors contained in SSR 96–7p to comply with the regulations."). SSR 96–7p sets forth a list of factors for the ALJ to consider in addressing credibility. *See White*, 572 F.3d at 287; *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011); *Parsons v. Astrue*, No. 1:09–cv–2695, 2011 WL 887618, at *6 (N.D. Ohio Feb.17, 2011) ("The ALJ conducted the appropriate analysis pursuant to SSR 96–7p, although not articulated in the manner Plaintiff would prefer."). The ALJ's discussion of Plaintiff's credibility began with the relevant regulations and social security rulings, including SSR 96–7p. (Tr. 40.)

        The ALJ's reference to SSR 96–7p indicates that he "considered" all the ruling's factors. *Brown v. Comm'r of Soc. Sec.*, No. 1:10–cv–705, 2012 WL 951556, at *5 (W.D. Mich. Feb

27, 2012). Moreover, the ALJ explicitly discussed several of the above factors. As previously noted, the ALJ discussed the Plaintiff's activities of daily living. (Tr. 42). However the ALJ also noted that Plaintiff's symptoms were aggravated by physical activities, and partially alleviated by medication, injections, bracing, and rest. (Tr. 41.) The ALJ also noted that Plaintiff alleged side effects, but that the allegations were not supported by the record. (Tr. 41.) Accordingly, the ALJ properly considered the relevant factors in assessing Plaintiff's credibility, and Plaintiff's argument is rejected.

### D.  Plaintiff is Entitled to a Sentence Four Remand.

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 9–10). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 482–83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100, (1991)); *see Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653–54 (6th Cir. 2009). The Court cannot consider evidence that was not submitted to the ALJ in the sentence four context.

For more than fifteen years it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. The Court must base its review of the ALJ's decision upon the

administrative record presented to the ALJ. Where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, a court's review is limited to the evidence presented to the ALJ. *See Jones*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The Court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir.1996). The court can consider evidence that was not before the ALJ only in the sentence six context. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir.2007); *Foster*, 279 F.3d at 357. As noted above, the Court is already remanding this case under sentence four. "Plaintiff cannot be granted both types of remand. The two types of remand available are mutually exclusive." *Obeshaw v. Comm'r of Soc. Sec.*, No. 1:08-CV-559, 2010 WL 955613, at *6 (W.D. Mich. Mar. 15, 2010).

Even if this were not so, Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Dep't of Health & Human Servs.*, 369 F. App'x 123, 132 (Fed. Cir., Mar. 12, 2010) (a claimant "waives any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

Finally, Plaintiff asks for an award of benefits. (ECF No. 11, PageID.337.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff

can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Sec'y of Health & Human Serv's.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 F. App'x at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is vacated and this matter remanded for further factual proceedings under sentence four of 42 U.S.C. § 405(g).

Dated:     February 1, 2016            /s/ Janet T. Neff
                                       JANET T. NEFF
                                       UNITED STATES DISTRICT JUDGE